UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANELL MARTIN,<br><br>   Plaintiff,<br><br> v.<br><br>D. DESHA,<br><br>   Defendant. | CASE No. 1:16-cv-01353-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS FOR PLAINTIFF TO PROCEED ON COGNIZABLE FIRST AMENDMENT RETALIATION CLAIM AGAINST DEFENDANT DESHA AND TO DISMISS ALL OTHER CLAIMS**<br><br>**(ECF No. 13)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint was screened and found to state a cognizable First Amendment retaliation claim against Defendant Desha, but no other claims. (ECF No. 11.) Plaintiff was ordered to file either an amended complaint or a notice that he was willing to proceed only on the cognizable claim. Plaintiff filed a first amended complaint (ECF No. 13), which is before the Court for screening.

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. Plaintiff's Allegations

Plaintiff is detained at the California Institution for Men and complains of acts that occurred at Valley State Prison ("VSP"). He names Correctional Officer D. Desha as the sole defendant.

Briefly stated, Plaintiff contends that Defendant retaliated against him for filing grievances by writing a false chrono. His allegations may be summarized essentially as follows:

Plaintiff worked under Defendant as an Assistance Helper in Building 4, D-Yard.

In late October 2015, Plaintiff submitted a grievance regarding issues with Defendant. Plaintiff complained that Defendant threatened Plaintiff with loss of Plaintiff's job if Plaintiff did not move into her building; that Defendant did not timely submit for Plaintiff's quarterly pay increase, and that Defendant told Plaintiff's his roommates that Plaintiff was an informant.

On November 17, 2015, Defendant learned of Plaintiff's grievance and wrote a CDCR 128-B informational chrono regarding Plaintiff. Therein, Defendant stated that Plaintiff had a poor attitude that affected his work crew. She stated Plaintiff had been doing great, but more recently had had difficulty getting to work on time because he did not live in the Housing Unit where he worked. Defendant wrote that she told Plaintiff he would have to move into the Unit so that he could be at work in time to push wheelchairs for the evening meal. According to Defendant, Plaintiff agreed to move.

Defendant also explained that she had attempted on several occasions in early 2015 to provide Plaintiff pay increases, but that the increases did not go through for technological reasons. Plaintiff was unhappy with this result, and his unhappiness began

to affect his attitude and relationship with others in the Unit. On October 20, 2015, Plaintiff was involved in a physical altercation with another inmate, and Defendant noted the altercation on Plaintiff's bed card.

Defendant also noted that, after she had denied Plaintiff a pay increase in October 2015, Plaintiff's behavior deteriorated further. He lacked motivation in his work and was having difficulties with his roommates. He also behaved antagonistically toward Defendant. Defendant stated that she would not put in for a pay increase upon Plaintiff's next review on December 29, 2016.

Plaintiff did not learn of this chrono until December 16, 2015. That same day, he filed a complaint regarding the chrono, and therein also complained of comments made by Defendant on several occasions that non-party Officer Herrada had a small penis that caused him to urinate on the restroom floor that Plaintiff was required to mop.

On December 21, 2015, Defendant left the Unit with her belongings. She did not return during Plaintiff's remaining time at VSP. Plaintiff believes she was suspended as a result of his complaints.

On December 29, 2015, Plaintiff was transferred to the California Institution for Men.

The appeals coordinator responded to Plaintiff's complaint against Defendant on October 24, 2016, finding that a violation of CDCR policy had occurred.

Plaintiff claims retaliation and a variety of state law claims. He seeks money damages and declaratory relief.

**IV.   Analysis**

**A.   Official Capacity Claims**

Plaintiff names Defendant in both her official and individual capacities.

Plaintiff's official capacity claim for damages against the Defendant is barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169-70 (1985) (Eleventh Amendment immunity from damages in federal court action against state

4

remains in effect when state officials are sued for damages in their official capacity). Plaintiff's damages request against Defendant in her official capacity will be dismissed.

Although Eleventh Amendment immunity precludes an award of damages against Defendant in her official capacities, it "does not bar actions for declaratory or injunctive relief brought against state officials in their official capacity." Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 (9th Cir. 1991). Here, Plaintiff also seeks declaratory relief. However, his request for declaratory relief seeks only a declaration that his rights were violated. Because his claim for damages necessarily entails a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims, and should be dismissed. Rhodes v. Robinson, 408 F.3d 559, 566 n.8 (9th Cir. 2005).

Additionally, official capacity claims must allege that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985). Plaintiff must establish an affirmative causal link between the policy at issue and the alleged constitutional violation. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 391-92 (1989); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992). Here, Plaintiff identifies no policy or custom associated with the violation.

Plaintiff already was advised of these legal standards but nonetheless fails to state a cognizable claim. Plaintiff's official capacity claims should be dismissed. His claim for declaratory relief likewise should be dismissed. Further leave to amend should be denied.

**B.     First Amendment Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco. Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003) (finding that a prisoner establishes a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

The third prong can be satisfied by various activities. Filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights litigation similarly is protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively show that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional

institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.

Plaintiff has alleged that Defendant wrote a negative chrono against Plaintiff in retaliation for Plaintiff filing an administrative grievance. He alleges that the facts contained in the chrono are untrue, sufficiently alleging a lack of legitimate penological interest. The question, then, is whether the chrono constitutes adverse action sufficient to chill a person of ordinary firmness.

Several courts have held that such chronos, in and of themselves, are insufficient to constitute adverse action. See, e.g., Jenkins v. Caplan, No. C 02-5603 RMW PR, 2010 WL 3742659, at *2 (N.D. Cal. Sept. 16, 2010) (granting summary judgment for defendant where plaintiff failed to present evidence that chrono constituted adverse action); Williams v. Woodford, 2009 WL 3823916, *3 (E.D. Cal. 2009) ("the alleged filing of the false administrative chrono fails to state a claim because it is not a sufficient adverse action for a retaliation claim because the chrono was merely informational"); Samano v. Copeland, 2008 WL 2168884, *2 (E.D. Cal.2008) (dismissing retaliation claim for failure to state a claim because issuing a counseling chrono did not constitute an adverse action). However, Plaintiff claims that the chrono is adverse because it could be used to deny him parole. This is sufficient at the pleading stage to constitute adverse action.

Accordingly, Plaintiff states a cognizable retaliation claim against Defendant.

**C.   Fourteenth Amendment Defamation**

Plaintiff states his intent to bring a defamation claim.

Defamation can, under certain circumstances, constitute a claim for relief under the Fourteenth Amendment. However, reputational harm alone does not state a § 1983 claim. Paul v. Davis, 424 U.S. 693, 701-710 (1976). Instead, a plaintiff must allege loss of a constitutionally protected property or liberty interest in conjunction with the allegation

7

1    of injury to reputation. Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir.1991), aff'd in
2    relevant part, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992) (en banc).

3        Plaintiff does not describe any constitutionally protected interest he was deprived
4    of in connection with the injury to his reputation. He only speculates that the false chrono
5    may, at some point, be used to deny him parole. This allegation fails to state a claim.
6    Plaintiff previously was advised of this standard and afforded an opportunity to cure the
7    defect. He failed to do so. Further leave to amend appears futile and should be denied.

8        **D.    State Law Claims**

9        The Court may exercise supplemental jurisdiction over state law claims in any civil
10   action in which it has original jurisdiction, if the state law claims form part of the same
11   case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise
12   supplemental jurisdiction over a claim under subsection (a) if . . . the district court has
13   dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The
14   Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . .
15   the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383
16   U.S. 715, 726 (1966).

17       Furthermore, to bring a tort claim under California law, Plaintiff must allege
18   compliance with the California Tort Claims Act ("CTCA"). Under the CTCA, a plaintiff
19   may not maintain an action for damages against a public employee unless he has
20   presented a written claim to the state Victim Compensation and Government Claims
21   Board ("VCGCB") within six months of accrual of the action. Cal. Gov't Code §§ 905,
22   911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477
23   (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a
24   cause of action and will result in the dismissal of state law claims. State of California v.
25   Superior Court (Bodde), 32 Cal.4th 1234, 1240 (2004).

26       Here, Plaintiff has alleged cognizable federal claims and has pled compliance with
27   the CTCA. Accordingly, the Court will address his state law claims.

28

### 1. Defamation

"Defamation is an invasion of the interest in reputation." Ringler Associates Inc. v. Maryland Cas. Co., 80 Cal. App. 4th 1165, 1179 (2000). To succeed on a claim for defamation, a plaintiff must establish the defendant made "the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." Smith v. Maldonado, 72 Cal. App. 4th 637, 644 (1999) (citing Cal. Civ.C ode §§ 45, 46); see also Taus v. Loftus, 40 Cal. 4th 683, 720 (2007) ("defamation involves (a) a publication that is (b) false, (c) defamatory and (d) unprivileged, and that (e) has a natural tendency to injure or causes special damages"). Publication of the statement may either be written (libel) or spoken (slander). Cal Civ. Code §§ 45, 46.

Plaintiff's defamation claim fails. The allegedly false statements appear to refer to differences of opinion, or differing interpretations of factual events, not to statements of fact. Plaintiff previously was advised of this defect but nonetheless fails to state a claim. This claim should be dismissed. Further leave to amend should be denied.

### 2. Negligence

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). "Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008)). For claims based on medical malpractice, defendant has a duty "to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise." Hanson v. Grode, 76 Cal. App. 4th 601, 606 (1999).

Plaintiff has not identified the duty he believes Defendant breached (other than a duty to tell the truth) nor any damages resulting therefrom. His allegations do not state a cognizable claim and this claim should be dismissed.

### 3. Negligent Misrepresentation

Plaintiff brings a new claim for negligent misrepresentation.

Under California law, negligent misrepresentation occurs where the defendant makes false statements, honestly believing that they are true, but without reasonable ground for such belief. See Bily v. Arthur Young & Co., 3 Cal.4th 370, 407-408 (1992). This tort is not applicable on the facts presented here, primarily because Plaintiff alleges that Defendant purposefully (rather than negligently) made false statements against him. Furthermore, negligent misrepresentation requires Plaintiff's reliance on the allegedly false statement of fact, not merely misrepresentations regarding Plaintiff. See 5 Witkin, Summary 10th Torts § 818 (2005).

This claim should be dismissed.

## V. Conclusion and Recommendations

Plaintiff's complaint states a cognizable First Amendment retaliation claim for damages against Defendant Desha in her individual capacity, but no other cognizable claims. Plaintiff previously was advised of pleading defects and afforded the opportunity to cure them. He failed to do so. Further leave to amend appears futile and should be denied.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff proceed on his First Amendment retaliation claim for damages against Defendant Desha in her individual capacity;
2. All other claims asserted in the second amended complaint be DISMISSED with prejudice, and
3. Defendant Desha be required to file a responsive pleading or motion within fourteen days of the order adopting these findings and recommendations.

The findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   January 23, 2017                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE