# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANELL MARTIN,<br><br>        Plaintiff<br><br>        v.<br><br>D. DESHA,<br><br>        Defendant | CASE NO. 1:16-CV-1353 AWI MJS (PC)<br><br>ORDER REGARDING FINDINGS AND RECOMMENDATION AND CLOSING CASE<br><br>(Doc. Nos. 13, 14) |

      Plaintiff Lanell Martin is a state prisoner proceeding pro se in this 42 U.S.C. § 1983 civil rights action. The action was removed from the Madera County Superior Court on September 12, 2016 and was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

      On January 23, 2017, the Magistrate Judge screened Plaintiff's First Amended Complaint ("FAC") and found that it stated a cognizable First Amendment retaliation claim for damages against Defendant Desha in her individual capacity, but no other cognizable claims. See Doc. No. 14. The Magistrate Judge issued a Findings and Recommendations ("F&R") for Plaintiff to proceed on the cognizable retaliation claim and for the dismissal of all other claims with prejudice. Id. No objections were filed.

      In accordance with the provisions of 28 U.S.C. § 636(b), the Court has reviewed the matter. Having carefully reviewed the entire file, the Court generally agrees with the F&R. However, the Court respectfully disagrees with the F&R's conclusion regarding Plaintiff's First Amendment retaliation claim.

The F&R found *inter alia* that the FAC had adequately alleged each of the elements of a First Amendment retaliation claim. Plaintiff alleged that Defendant D. Desha issued a false 128B Chrono out of anger and in retaliation for Plaintiff filing grievances against Desha. Plaintiff alleged that the chrono could be used to deny him early parole release.

The 128B Chrono in this case is attached to the Complaint and was written by Desha. See FAC Ex. A. The 128B Chrono purports to explain Plaintiff's job performance following failures to obtain pay increases, discussions between Plaintiff and Desha, and grievances filed by Plaintiff against Desha. See id. The gist of the Chrono is that Plaintiff was an excellent worker, but his attitude deteriorated when he did not obtain the pay increases, some of which were due to "system glitches." See id. The Chrono discusses grievances that Plaintiff filed against Desha. The Chrono claims that Plaintiff has an anger problem and that he will file grievances to get what he wants, no matter who the grievances might hurt, and that Plaintiff will likely file another grievance concerning Desha's decision to deny Plaintiff another pay increase. See id.

In order to avoid a dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A prisoner bringing a First Amendment retaliation claim must show five elements: (1) "a state actor took some adverse action . . . (2) because of (3) [the] prisoner's protected conduct, . . . that such action (4) chilled [his] exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Shepard v. Quillen, 840 F.3d 686, 688 (9th Cir. 2016). With respect to the fourth element, the "adverse action" must be of such a quality that it would chill or silence a person of ordinary firmness from future First Amendment activities. Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).

A 128B chrono by itself is generally not an adverse act for purposes of retaliation, even if the chrono contains false information. See Masterson v. Killen, 2017 U.S. Dist. 32433, * 34 (E.D. Cal. Mar. 6, 2017); Garcia v. Blahnik, 2017 U.S. Dist. LEXIS 47136, *36 (S.D. Cal. Feb. 3, 2017); Jenkins v. Caplan, 2010 U.S. Dist. LEXIS 97767, *9 (N.D. Cal. Sep. 16, 2010); Williams

v. Woodford, 2009 U.S. Dist. LEXIS 105932, *10 (E.D. Cal. 2009). As described above, the 128B Chrono in this case is not so extraordinary that it falls outside the general rule. The 128B Chrono contains some obvious hyperbole. The 128B Chrono reads as if Desha is upset because Plaintiff filed formal complaints or grievances against her, and that Desha is trying to explain ahead of time why an additional grievance could be forthcoming. There are no allegations that Plaintiff was disciplined as result of the 128B Chrono, or that any kind of negative result has occurred because of the 128B Chrono.

The FAC does allege that the 128B Chrono could be used to deny Plaintiff parole. However, there are numerous considerations that go into a parole decision; an informational 128B Chrono that had no discernable effects would at best be only one of many pieces of information. Cf. Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (finding that a rules violation was one of many pieces of information that the Board of Paroles can review and that the presence or absence of a disciplinary infraction compels neither the granting nor the denial of parole); Hall v. Tehrani, 2013 U.S. Dist. LEXIS 46026, *14-15 (N.D. Cal. Mar. 29, 2013) (holding that a psychological evaluation that allegedly contained erroneous facts was not an "adverse action" because the Board of Paroles is required to consider many reliable and relevant information and the evaluation was not clearly adverse). Plaintiff's conclusory statement that the 128B Chrono could be used to deny parole sometime in the future is simply too speculative.[1]

Given the general rule regarding 128B Chronos, as well as the content of this particular 128B Chrono, the FAC does not plausibly allege that Plaintiff suffered an adverse act or that a prisoner of ordinary firmness would be "chilled" from the 128B Chrono. See Iqbal, 556 U.S. at 678; Shepard, 840 F.3d at 688; Brodheim, 584 F.3d at 1271. That is, the FAC does not state a plausible claim for First Amendment retaliation.

The F&R concluded that a plausible claim for First Amendment retaliation had been stated. Because the Court reaches a contrary conclusion, it will respectfully decline to adopt this aspect of the F&R. The Court will, however, adopt the remainder of the F&R. Additionally, this

---

[1] Further, if Plaintiff's allegation regarding parole was an exception to the general rule that a 128B Chrono is not an "adverse act," then it seems that the exception would swallow the rule. All prisoners who are eligible for parole would have an adverse act whenever a 128B Chrono was filed.

is the first time that this pleading defect has been identified. Out of an abundance of caution, Plaintiff will be given the opportunity to file an amended complaint that cures the pleading deficiencies, but only with respect to his First Amendment retaliation claim.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The January 23, 2017 Findings and Recommendation is ADOPTED in part, consistent with the above analysis;
2. Plaintiff's First Amended Complaint is DISMISSED with partial leave to amend;
3. Within twenty-one (21) days of service of this order, Plaintiff may file a second amended complaint with respect to a First Amendment retaliation claim;[2] and
4. If Plaintiff fails to file a timely second amended complaint, leave to amend will be withdrawn and this case will be closed without further notice.

IT IS SO ORDERED.

Dated: April 13, 2017

SENIOR DISTRICT JUDGE

---

[2] To clarify, leave to amend is granted only with respect to Plaintiff's First Amendment retaliation claim.