UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANELL MARTIN,<br><br>        Plaintiff,<br><br>v.<br><br>D. DESHA,<br><br>        Defendant. | CASE No. 1:16-cv-01353-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE AND WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 22)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action was removed from the Madera County Superior Court on September 12, 2016. Plaintiff's complaint was screened and found to state a cognizable First Amendment retaliation claim against Defendant Desha, but no other claims. (ECF No. 11.) Plaintiff was ordered to file either an amended complaint or a notice that he was willing to proceed only on the cognizable claim.

Plaintiff filed a first amended complaint. (ECF No. 13.) That complaint also was screened and the undersigned issued findings and recommendations for the action to proceed only a cognizable First Amendment retaliation claim against Defendant Desha.

(ECF No. 14.) However, the District Judge assigned to the case declined to adopt the findings and recommendations as to the First Amendment retaliation claim, concluding that the chrono at issue was insufficiently adverse to support a retaliation claim. (ECF No. 21.) Specifically, the District Judge concluded that Plaintiff's claim that the chrono could be used to deny him parole was too speculative under the facts alleged. (Id.) Plaintiff was again given leave to amend his First Amendment retaliation claim. His remaining claims were dismissed with prejudice.

His second amended complaint is before the Court for screening. (ECF No. 22.)

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and

(2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.    Plaintiff's Allegations

Plaintiff is detained at the California Institution for Men and complains of acts that occurred at Valley State Prison ("VSP"). He names Correctional Officer D. Desha as the sole defendant.

Briefly stated, Plaintiff contends that Defendant retaliated against him for filing grievances by writing a false chrono. His allegations may be summarized essentially as follows:

Plaintiff worked under Defendant as an Assistance Helper in Building 4, D-Yard.

In late October 2015, Plaintiff submitted a grievance regarding issues with Defendant. Plaintiff complained that Defendant threatened that he would lose his job if he did not move into her building. He complained that Defendant did not timely submit for Plaintiff's quarterly pay increase. He complained that Defendant told his roommates that he was an informant.

On November 17, 2015, Defendant learned of Plaintiff's grievance and wrote a CDCR 128-B informational chrono regarding Plaintiff. Therein, Defendant stated that

Plaintiff had a poor attitude that affected his work crew. She stated Plaintiff had been doing great, but more recently he had difficulty getting to work on time because he did not live in the Housing Unit where he worked. Defendant wrote that she told Plaintiff he would have to move into the Unit so that he could be at work in time to push wheelchairs for the evening meal. According to Defendant, Plaintiff agreed to move.

Defendant also explained that she had attempted on several occasions in early 2015 to provide Plaintiff pay increases, but that the increases did not go through for technological reasons. Plaintiff was unhappy with this result, and his unhappiness began to affect his attitude and relationship with others in the Unit. On October 20, 2015, Plaintiff was involved in a physical altercation with another inmate, and Defendant noted the altercation on Plaintiff's bed card.

Defendant also noted that, after she had denied Plaintiff a pay increase in October 2015, Plaintiff's behavior deteriorated further. He lacked motivation in his work and was having difficulties with his roommates. He also behaved antagonistically toward Defendant. Defendant stated that she would not put in for a pay increase upon Plaintiff's next review on December 29, 2015.

Plaintiff did not learn of this chrono until December 15, 2015. That same day, he filed a complaint regarding the chrono, and therein also complained of comments made by Defendant on several occasions that non-party Officer Herrada had a small penis that caused him to urinate on the restroom floor that Plaintiff was required to mop.

On December 21, 2015, Defendant left the Unit with her belongings. She did not return during Plaintiff's remaining time at VSP. Plaintiff believes she was suspended as a result of his complaints.

On December 29, 2015, Plaintiff was transferred to the California Institution for Men. Plaintiff alleges that he was the only inmate in his facility with a CPAT machine who was transferred on December 29, 2015. He believes his transfer was caused by

Defendant and/or Defendant's chrono. Alternatively, he contends that he was transferred in retaliation for his December 15, 2015 complaint against Defendant.

The appeals coordinator responded to Plaintiff's complaint against Defendant on October 24, 2016, finding that a violation of CDCR policy had occurred.

### IV. Analysis

With the exception of Plaintiff's First Amendment retaliation claim against Defendant in her individual capacity, all other claims were dismissed with prejudice by the District Judge. (ECF No. 21.) Accordingly, only the First Amendment retaliation claim is addressed herein.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco. Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003) (finding that a prisoner establishes a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

The third prong can be satisfied by various activities. Filing a grievance is a protected action under the First Amendment. <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights litigation similarly is protected under the First Amendment. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." <u>Mendocino Envtl. Ctr. v. Mendocino Cnty.</u>, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. <u>Rhodes</u>, 408 F.3d at 568-69 (citing <u>Mendocino Envtl. Ctr.</u>, 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively show that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." <u>Rizzo</u>, 778 F.2d at 532.

Plaintiff alleges that he was transferred to another institution in retaliation for his December 15, 2015 complaint against Defendant. Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976); <u>see also</u> <u>Olim v. Wakinekona</u>, 461 U.S. 238, 244-45 (1983). However, it is well settled that prison officials may not "transfer an inmate to another prison in retaliation for the inmate's exercise of his First Amendment right[s.]" <u>Pratt</u>, 65 F.3d at 806. In the instant case, however, Plaintiff has not alleged facts to suggest that any adverse transfer occurred because of his protected conduct. He does not allege facts to suggest that Defendant had authority to transfer him to another institution. Indeed, according to Plaintiff, Defendant had been suspended by the time Plaintiff was transferred. Nor does he allege that the person or persons responsible for his transfer were motivated by

Plaintiff's complaint against Defendant or even were aware of the complaint at the time the transfer decision was made. Accordingly, this allegation fails to state a claim.

Plaintiff also appears to contend that he may have been transferred as a result of the negative information contained in Defendant's November 17, 2016 chrono and thus, the chrono constitutes adverse action sufficient to chill an ordinary person's exercise of their First Amendment rights. As noted by the District Judge with respect to Plaintiff's first amended complaint:

> [T]he 128B Chrono in this case is not so extraordinary that it falls outside the general rule. The 128B Chrono contains some obvious hyperbole. The 128B Chrono reads as if Desha is upset because Plaintiff filed formal complaints or grievances against her, and that Desha is trying to explain ahead of time why an additional grievance could be forthcoming. There are no allegations that Plaintiff was disciplined as result of the 128B Chrono, or that any kind of negative result has occurred because of the 128B Chrono.

(ECF No. 21 at 3.)

Plaintiff's suspicion that he was transferred based on the contents of the chrono appears to be based purely on speculation. He provides no details regarding the individual or individuals responsible for the transfer decision and how or why the chrono might have motivated their decision. Nor does he provide facts to suggest that the transfer did not further a legitimate penological goal.

Accordingly, Plaintiff fails to state a cognizable retaliation claim.

## V.     Conclusion and Recommendation

Plaintiff's complaint does not state a cognizable First Amendment retaliation claim against Defendant Desha. Plaintiff previously was advised of pleading defects and afforded the opportunity to cure them. He failed to do so. Further leave to amend appears futile and should be denied.

Accordingly, it is HEREBY RECOMMENDED that the second amended complaint be DISMISSED with prejudice and without leave to amend for failure to state a claim.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: May 15, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE